BAR ASSOCIATION OF THE CITY OF BOSTON *vs.* JOHN J. SCOTT.

Suffolk.    March 29, 1911. — May 19, 1911.

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Attorney at Law*, Disbarment or suspension.    *Practice, Civil*, In disbarment proceedings, Findings of trial judge, New trial.    *Res Judicata.    Judgment.    Witness*, Fees.

In disbarment proceedings the technical nicety of common law criminal pleading is not required.    Where in such proceedings the respondent is fully and fairly informed of the general nature of the charges against him, and in a broad sense the proof corresponds with the allegations of the petition, and the evidence has been received without objection, the respondent, after a full and fair trial, cannot object to a finding against him on the ground of variance, even if there was a slight variation between the proof and the allegations of the petition.

At the hearing of a petition for the disbarment of an attorney at law on the ground that the respondent filed false certificates as to the attendance of witnesses not in good faith and knowing them to be false, there was evidence that the respondent, who as attorney for a plaintiff had obtained a verdict, filed six witness certificates as a basis for the taxation of costs, bearing the names of seven witnesses and showing attendance for thirty-three days, whereas the witnesses had been actually in court not more than five days and the respondent could not reasonably have called them for more than eight or nine days at the most, and even this was not necessary because for thirty-one of the days certified to there was "a clear and explicit agreement" between the respondent and the attorney for the defendant that neither of them "needed to get ready" nor to "keep witnesses around" until notified by the other.    It appeared that the counsel for the defendant, who by inadvertence had failed to give notice of a desire to be present at the taxation of costs, after an execution had issued for an amount including witness fees based on the false certificates, filed a motion to vacate the judgment on account of the fraudulent certificates, and that the motion was denied for lack of jurisdiction.    In the disbarment proceedings the respondent requested a ruling that the questions involved had been adjudicated in the respondent's favor by the denial of the motion to vacate the judgment in the action in which the costs alleged to be fraudulent were allowed.    *Held*, that the order denying the motion, having been made on the ground of want of jurisdiction, did not involve the issues on trial upon the petition for disbarment.

Where, on exceptions and an appeal by the respondent in disbarment proceedings to and from an order made by a judge of the Superior Court that the respondent be suspended from his office of attorney at law for three years, where the reprehensible conduct charged was the fraudulent collection of excessive witness fees, and, on conflicting evidence, the judge found that "the witnesses' certificates prepared and filed by the respondent were false and were known by the respondent to be false and were not made in good faith, but were improper, illegal and fraudulent," and that in his conduct respecting them "the respondent acted improperly and dishonestly and committed a fraud upon the defendant" in the action in which the witness fees were taxed as costs, it was *held*, that the determinations of fact by the trial judge, who saw the witnesses and could base his conclusions upon his personal observation of them and their voices, manner and

facial expression in testifying, were not open to revision by this court; *and also* that a careful reading of the record showed that no error was committed and that the findings and the order made by the judge were amply warranted.

To justify the signing of a certificate of the attendance of a witness it is necessary that the person named as a witness should have attended and not merely should have been ready and willing to attend.

Persons who have been told that their attendance as witnesses at a trial will be required but who pursue their ordinary occupations without interruption cannot be treated as witnesses merely because they are ready to attend court upon notification. To entitle a person to a witness fee there must be an actual attendance either at the court house or near it under circumstances which involve a real and appreciable interference with his everyday conduct.

After a full hearing has been had upon a petition for the disbarment of an attorney at law, as in other cases, a motion for a new trial depending on the weight of evidence is addressed wholly to the discretion of the trial judge, and is not open to revision.

RUGG, J.   This is a petition to disbar the respondent, an attorney at law. It alleges in substance that the respondent as attorney for the plaintiff, in an action entitled O'Halloran *v.* Boston Elevated Railway which was tried twice in the Superior Court, after a final verdict had been rendered in favor of the plaintiff, filed six witness certificates as a basis for the taxation of costs, bearing the names of seven witnesses showing attendance for thirty-three days each, the aggregate amount of which, including travel, was $372.90, which certificates were false to the knowledge of the respondent and were not made in good faith but were illegal and fraudulent; and that in making them out and instructing witnesses to sign them the respondent acted dishonestly and committed a fraud upon the defendant and the court; and that by inadvertence counsel for the defendant did not give notice of a desire to be present at the taxation of costs, and execution issued including the above mentioned amount for witness fees; that thereafter a motion was filed to vacate the judgment on account of these fraudulent certificates, which motion was denied for lack of jurisdiction; and that the respondent paid over to the several witnesses a small part only of the amount of witness fees thus collected and fraudulently and dishonestly retained, and converted to his own use the balance thereof. The respondent filed an answer in which he denied all fraudulent or corrupt acts, or any violation of his oath of office in this regard, and averred that the witness certificates were truthful and in accordance with the facts.

There was a hearing before a judge * of the Superior Court who made a finding of facts to the effect that while the case of O'Halloran *v.* Boston Elevated Railway was upon the list so that it might have been called for trial, the respondent arranged with the witnesses so that they might be reached by telephone, and while some of them occasionally ran into the respondent's office as they were passing to inquire about the case, no one of them lost any time or pay in their regular employments except on the days when they were actually in court not exceeding five days in the aggregate, and that apart from any agreement the respondent could not " fairly and reasonably [have] called the witnesses for more than eight or nine days at most." But he made no finding of bad faith on this point.

He further found that whatever was done in holding witnesses for thirty-one of the days certified to, the respondent did while " a clear and explicit agreement existed between him " and the attorney for the Boston Elevated Railway Company " that neither party 'needed to get ready' nor 'keep witnesses around' until notified by the other." Upon these facts the judge of the Superior Court found that " the witnesses' certificates prepared and filed by the respondent 'were false, and were known by the respondent to be false, and were not made in good faith, but were improper, illegal and fraudulent,'" and that in his conduct respecting them " the respondent acted improperly and dishonestly and committed a fraud upon the defendant." The respondent filed certain requests for rulings, some of which were granted and others refused. After the filing of the findings the respondent excepted to certain parts thereof and filed further requests for rulings and a motion for a new trial. These were all overruled or refused and upon the findings an order of court was entered suspending the respondent from his office of attorney for three years. The respondent excepted and appealed.

1. It is argued that there is a variance between the petition and the findings in that the latter so far as fraudulent conduct is concerned are based wholly upon the agreement between counsel in the O'Halloran case that parties should not be held for trial and that this specific matter is not alleged in the petition.

---

* *Raymond*, J.

The reprehensible conduct charged was the fraudulent collection of excessive witness fees and this was the matter proved. It has been frequently decided that in petitions of this' kind the technical nicety of common law criminal pleading is not required. *Boston Bar Association* v. *Greenhood,* 168 Mass. 169. *Boston Bar Association* v. *Casey,* 196 Mass. 100. The respondent was fully and fairly informed of the general nature of the charges against him. In a broad sense the proof corresponded with the allegations. The evidence was received without objection. If there had been any suggestion of its incompetency, an amendment to the petition might have been made. There appears to have been a full and fair trial, and testimony bearing upon this and other aspects of the case was introduced by the respondent. Even if there was a slight variation between the proof and the allegations it would have been immaterial. No special form of procedure is prescribed for such a petition as this is, and while courts are always sedulous to see that an attorney at law is given opportunity for a full and fair hearing, it is to be borne in mind that the primary end in view is an inquest into the conduct of one of its officers. In such an inquiry, mere forms not affecting its merits should not stand in the way of protecting the court and the public by appropriate action after a full hearing. *Randall, petitioner,* 11 Allen, 473. Moreover it is doubtful if, even in a criminal case, such slight discrepancy between allegation and proof would be of any consequence. *Commonwealth* v. *Graustein & Co. ante,* 38.

2. The request for a ruling that the questions involved had already been adjudicated in the respondent's favor was properly refused. At the hearing on the motion to vacate the judgment in O'Halloran *v.* Boston Elevated Railway the decision appears to have been made wholly upon a jurisdictional question and did not involve the issues depending upon this petition.

3. It is argued that the findings of fact made by the judge were not warranted by the evidence. The evidence was conflicting, but the witnesses were seen by the trial judge and his determinations of fact under these circumstances are not open to revision in this court. His conclusions based upon personal observation of witnesses, their voice, manner and facial expression in testifying, afford him far better opportunities for reaching

a correct conclusion than an appellate court can possess. A careful reading of the record, however, convinces us that no error was committed and that the finding was amply warranted. Witness certificates attesting attendance for thirty-three days under the circumstances here disclosed are of themselves significant of wrongdoing. Most of the witnesses lost no time whatever from their regular employments except on the days of actual trial. Persons who pursue their ordinary occupations without interruption cannot be treated as witnesses merely because they are ready to attend court upon notification. There must be an actual attendance either at the court house or near to it under circumstances which involve a real and appreciable interference with their everyday conduct. It is attendance as a witness and not mere willingness to attend as a witness which justifies the signing a certificate. *Reid* v. *Wright*, 181 Mass. 306. The testimony of two witnesses was explicit as to the agreement between respective counsel that neither side should be held for trial for most of the days claimed in the certificates. The trial judge could believe them if he found them worthy of credence.

4. The motion for a new trial, after one full hearing had been had, was addressed wholly to the discretion of the trial judge, and is not open to revision upon this record. *Reeve* v. *Dennett*, 137 Mass. 315, 318. *Scannell* v. *Boston Elevated Railway*, 208 Mass. 513.

5. The finding of facts by the judge, to which reference has already been made, was a sufficient warrant for the order of the court to the effect that the respondent was guilty of misconduct in his office of an attorney, and for his suspension for a period of three years.

6. We have examined all the other points raised and find nothing which requires further discussion, and they have not been argued.

*Exceptions overruled; order affirmed.*

The case was submitted on briefs.

*J. M. Gove, G. T. Perry & G. S. MacFarland,* for the respondent.

*G. D. Burrage,* for the petitioner.