No. 2989 Northern Suffolk, ss.

**MEMISHIAN** (S. Roy Romas)
**v. PHIPPS** (L. G. Haley—John J. Mulcahy)

From the District Court of Chelsea—Crowley, J.
Argued Oct. 20, 1941—Opinion filed Jan. 6, 1942

HENCHEY, J. (Jones, P. J., and Wilson, J.)—In this action of tort, the plaintiff, a passenger, along with three others, in an automobile operated by one Izenberg, seeks to recover for damages due to personal injuries received on March 4, 1940, in Holliston, Mass., when the Izenberg automobile in which she was a passenger was struck by an automobile operated by the defendant.

After allowing several of the plaintiff's requests for rulings and denying two of them, the trial judge found for the defendant. The case comes before us on the plaintiff's claim

of aggrievement on the ruling of the trial judge in denying certain of her requests for rulings.

At the appropriate time the plaintiff made fifteen requests for rulings. The following requests were denied:

1. On all the law the court should make a finding for the plaintiff.

2. On all the evidence and according to the following specification, the plaintiff is entitled to recover:

(a) The plaintiff is a passenger in an automobile which collided with the automobile operated by the defendant.

(b) The defendant failed to slow down sufficiently to avoid the collision.

(c) The defendant was travelling at a rate of speed which was unreasonable due to the weather and road conditions at the time of the accident.

(d) The defendant failed to take all due, reasonable and necessary precautions to avoid the accident in which the plaintiff was injured.

We shall consider these two requests separately. As to the first, we can see no error in its denial. This amounted, in effect, to a request for a directed verdict. There are many reasons why it properly might be refused. The trial judge is not bound to believe the plaintiff and her witnesses. *Learned v. Hamburger*, 245 Mass. 461. This is so even where the evidence is uncontradicted. Where the evidence is directly contradictory, as in the instant case, the plaintiff has the burden of proving the defendant's negligence, and that negligence becomes a question of fact. *Di LoRenzo v. Goldfarb*, 257 Mass. 272. A directed verdict will be granted only "when no other decision is legally possible on the evidence." *Hicks v. H. B. Church Truck Service Co.* 259 Mass. 272. Certainly this case is not one which meets this test. The plaintiff was in no way harmed by the denial of her first request.

In her second request, the plaintiff follows Rule 27 of the Rules of the District Courts (1940) by specifying the grounds on which the plaintiff is entitled to recover. Let us consider these grounds.

Paragraph (a). The mere fact that the plaintiff was a passenger in an automobile which collided with the defendant's automobile is not a sufficient basis for recovery. It has been well eshtablished that the mere occurence of a collision on a public highway is no evidence of the defendant's negligence. *Washburn v. R. F. Owens Co.* 252 Mass. 47.

Paragraphs (b) (c) and (d) each contain specifications of certain facts which the trial judge apparently did not find, since he made a general finding for the defendant.

We do not believe that the plaintiff's second request properly raises the question of the sufficiency of the evidence to warrant a finding for the plaintiff. The allowance of the plaintiff's thirteen other requests clearly indicates that the trial

judge had a proper knowledge of the law applicable to the facts before him. The finding of the trial judge will not be set aside unless clearly wrong. *Schon* v. *Odd Fellows Building Association,* 255 Mass. 465.

Where the testimony was directly conflicting, as in the instant case, it is for the trial judge to determine the credence to be given to the witnesses. *Bar Association of Boston* v. *Scott,* 209 Mass. 200. Having found that the issue of fact lay with the defendant, we cannot review that finding. *Loanes* v. *Cast,* 216 Mass. 197.

Report dismissed.