# IN RE APPLICATION FOR DISCIPLINE OF EUGENE A. RERAT.[1]

June 6, 1947.

No. 34,475.

---
[1]Reported in 28 N. W. (2d) 168.

*William C. Blethen,* for petitioner.
*Mart M. Monaghan,* for respondent.

MATSON, JUSTICE.

Respondent's blended motion to strike certain portions of petitioner's allegations and to make others more specific is accompanied

by another motion for an order suspending Rule IV of the Rules of Practice of this court (222 Minn. xxx) in order to permit oral argument on the above blended motion, and for a further order granting an extension of time in which to answer the petition and accusation in these disciplinary proceedings.

Petitioner, the Practice of Law Committee of the Minnesota State Bar Association, has filed with this court a petition and accusation charging respondent, Eugene A. Rerat, licensed to practice law in this state, with professional misconduct in maintaining an organized system or plan for the solicitation, by himself and through his paid lay employes, of personal injury cases arising in this and other states out of accidents involving public carriers and private motor vehicles. It is alleged that the aforesaid lay employes work with respondent for a stipulated salary and also at divers times for a percentage of the fees earned by respondent in cases solicited by them in his behalf, and that they obtained from claimants, pursuant to a form furnished by respondent, a written contract retaining "respondent and various and divers associates." In some instances, it is alleged that personal injury cases were solicited by such lay employes with the full knowledge that such claimants had already engaged other counsel. It is also charged that respondent, as an inducement to obtain these written contracts of retainer, advanced moneys to the claimants while the damage suit was pending, with the understanding that the money so advanced need not be repaid or refunded unless and until a successful settlement or verdict for damages had been obtained in their behalf. It is further alleged "on information and belief" that such organized solicitation was carried on with respect to each of certain designated cases which had been investigated and also with respect to each of a number of other specified cases that were to be investigated.

In addition to the foregoing, it is alleged that respondent has on divers occasions made threatening statements to various officials and lawyers as part of a studied effort to intimidate and dissuade such officials and lawyers from proceeding with these disciplinary proceedings.

Petitioner alleges that the above acts constitute a violation of the rules of conduct established for lawyers by this court and of the Canons of Ethics of the American and the Minnesota State Bar Associations, and a violation of statute and of respondent's oath as an attorney, and that such conduct has brought public discredit upon the members of the bar and bench of this state. Petitioner asks that respondent be either disbarred or otherwise disciplined as the court may determine.

Respondent's motion for the suspension of Rule IV of the Rules of Practice of this court is denied. We have considered all the aspects of respondent's motion to strike, or, in the alternative, to make the pleadings more definite and certain, and we find no justification for allowing oral argument. The briefs on file discuss the issues fully. We are not here ascertaining whether respondent is to be disciplined or exonerated, but merely determining the adequacy of the allegations, to the end that he may be assured a fair trial.

■ In passing upon respondent's blended motion to strike and to make more definite and specific certain portions of the allegations of the petition and accusation, we observe at the outset that an action for the discipline of an attorney is neither a civil action nor a criminal proceeding, but is a proceeding *sui generis,* the object of which is not the punishment of the offender, but the protection of the court in the interest of the public good. In re Bowman, 7 Mo. App. 567, 569; State v. Peck, 88 Conn. 447, 91 A. 274, L. R. A. 1915A, 663, Ann. Cas. 1917B, 227. This court in In re Disbarment of McDonald, 204 Minn. 61, 64, 282 N. W. 677, 679, 284 N. W. 888, held:

"We consider proceedings instituted by the State Board of Law Examiners to discipline attorneys in a different light from an ordinary action at law. It is a proceeding *sui generis.* In Matter of Richards, 333 Mo. 907, 916, 63 S. W. (2d) 672. Attorneys are licensed by the court. The court is charged with the responsibility of revoking or temporarily suspending this license whenever the licensee departs from what is generally considered by the courts and the profession as proper and honorable conduct. The State Board of Law Examiners is a body established by law to aid the court in admitting

to practice only those deemed fit, and which has been delegated by the court to investigate complaints of misconduct made against attorneys, to warn and admonish them where misconduct appears, and to bring them before the court when warnings are not heeded. 1 Mason Minn. St. 1927, § 5685. It seems to us that when an attorney is formally accused by the board of wrongdoing he owes it to the court as well as to himself to aid rather than to thwart a full and fair investigation of the charges."

■ Obviously, a disciplinary proceeding is not the trial of an action or a suit between adverse parties, but an inquiry or investigation by the court into the conduct of one of its own officers to determine his fitness to continue as a member of the profession. In re Durant, 80 Conn. 140, 67 A. 497, 10 Ann. Cas. 539. In Bar Assn. of Boston v. Casey, 211 Mass. 187, 191-192, 97 N. E. 751, 753-754, 39 L.R.A.(N.S.) 116, Ann. Cas. 1913A, 1226, the court in discussing the nature of the proceeding said:

"* * * This is not a proceeding between two parties where the court is asked to adjudicate conflicting claims as to some right, corporeal or incorporeal, and where a decision favorable to one party is necessarily to that extent unfavorable to the other. It is rather in the nature of an inquest or inquiry as to the conduct of the respondent. * * *

"* * * A proceeding for disbarment is simply the exercise of jurisdiction over an officer [of the court], an inquiry into his conduct not for the purpose of granting redress to a client or other person for wrong done, but only for the maintenance of the purity and dignity of the court by removing an unfit officer."

Bearing in mind the nature of disciplinary proceedings, it is obvious that the niceties of technical pleading need not be observed in presenting a matter to the court for investigation and determination.

■ Although the exercise of the court's disciplinary jurisdiction is not to be encumbered by the technical rules and formal requirements of either criminal or civil procedure, nevertheless, in the conduct of a disciplinary inquiry by the court, it is essential that the

requirements of due process of law be observed, and to this end the charges of professional misconduct, though informal, should be sufficiently clear and specific, in the light of the circumstances of each case, to afford the respondent an opportunity to anticipate, prepare, and present his defense. It goes without saying that a proceeding which may result in depriving a person of the right of following a profession to which he has dedicated his life is a serious matter. It deprives him of his established means of livelihood. He is entitled to a fair and impartial hearing and to a reasonable opportunity to meet the charges brought against him. In re Claiborne (1 Cir.) 119 F. (2d) 647; In re Mayberry, 295 Mass. 155, 3 N. E. (2d) 248, 105 A. L. R. 976; Matter of Santosuosso, 318 Mass. 489, 62 N. E. (2d) 105, 161 A. L. R. 892; State v. Peck, 88 Conn. 447, 91 A. 274, L. R. A. 1915A, 663, Ann. Cas. 1917B, 227; Bar Assn. of Boston v. Scott, 209 Mass. 200, 95 N. E. 402; Ex parte Wall, 107 U. S. 265, 2 S. Ct. 569, 27 L. ed. 552; Randall v. Brigham, 74 U. S. (Wall.) 523, 19 L. ed. 285; 5 Am. Jur., Attorneys at Law, § 289.

"It is not necessary that proceedings against attorneys for * * * unprofessional conduct, should be founded upon formal allegations against them. Such proceedings are often instituted upon information developed in the progress of a cause; or from what the court learns of the conduct of the attorney from its own observation. Sometimes they are moved by third parties upon affidavit; and sometimes they are taken by the court upon its own motion. All that is requisite to their validity is that, *when not taken for matters occurring in open court, in the presence of the judges, notice should be given to the attorney of the charges made and opportunity afforded him for explanation and defence.* The manner in which the proceeding shall be conducted, so that it be without oppression or unfairness, is a matter of judicial regulation." (Italics supplied.) Randall v. Brigham, 74 U. S. (Wall.) 523, 540, 19 L. ed. 285, 293.

■ In support of his motion to strike and to make more definite and certain, respondent has asserted many technical objections to the pleadings which are deserving of little consideration. We are

primarily concerned with the simple issue as to whether the allegations are sufficiently definite to apprise respondent of the nature of the charge so as to afford him a reasonable opportunity to prepare and present his defense. Specifically, he asks that petitioner be required to describe more particularly the organized system for the solicitation of personal injury claims with the maintenance of which he is charged. Taking the allegations of the petition and accusation as a whole, the allegation as to systematic solicitation of personal injury cases is adequate and clearly signifies to respondent the character of the accusation he must meet.

■ Respondent also seeks to have stricken all references to "associates," "lay employees," and "other counsel," or, in lieu thereof, to make the allegations more definite and specific by requiring petitioner to identify such associates, lay employes, and other counsel by name. Obviously, the identity of respondent's professional associates and employes is definitely known to him. The identity of other counsel who had already been retained by certain claimants and who are alleged to have been solicited by respondent's lay employes can readily be identified through such employes. In each instance, the allegations as to associates, lay employes, and other counsel are restricted to certain definite cases which respondent either handled or solicited and with which he is reasonably expected to be familiar. Clearly, he will not be required or expected to identify persons involved in cases which he has neither solicited nor handled. As to the cases he has handled or solicited, if any, respondent himself will be a competent witness to identify his associates, lay employes, and other counsel. In re Disbarment of Halvorson, 175 Minn. 520, 221 N. W. 907. A motion to make more definite and certain will not be granted for the purpose of requiring the petitioner to plead evidentiary facts nor where the information asked is not within the knowledge or reach of the pleader. Cullen v. Pearson, 191 Minn. 136, 253 N. W. 117, 254 N. W. 631, and cases therein cited. Naturally, petitioner must to a great extent rely upon respondent to furnish testimony as to the identity of certain employes and other persons. The furnishing of pertinent evidentiary facts is a duty which respondent

owes to the court as well as to himself as an aid in effecting a full and fair investigation of the charges of professional misconduct. In re Disbarment of McDonald, 204 Minn. 61, 64-65, 282 N. W. 677, 679, 284 N. W. 888.

■ Petitioner's allegations of positive facts, as well as the verification, are made on information and belief. Respondent is in error in assuming that disciplinary proceedings may be initiated only upon a sworn statement or information based on personal knowledge. Snyder's Case, 301 Pa. 276, 284, 152 A. 33, 35, 76 A. L. R. 666. See, 1 Pirsig's Dunnell, Minn. Pleading, § 62; M. S. A. § 544.15. As already indicated, we are not here concerned with a punitive or quasi-criminal proceeding.

Respondent seeks to have the allegation that his conduct has brought discredit, public criticism, and reproach upon the members of the bar and bench of this state made more specific by requiring petitioner to designate such members by name. With respect to this matter, respondent's motion is wholly without merit and frivolous. Obviously, the allegation refers to the members of the legal profession of this state as a whole. Inconsequential objections have no place in a proceeding where the court is called upon to determine whether or not one of its officers is to be disciplined or exonerated of wrongdoing.

■ Respondent's motion to strike from the pleading all reference to the Nebraska cases on the ground that an oral order of this court was made in 1944 to the effect that no disciplinary proceedings should be instituted by the Board of Law Examiners until similar proceedings then pending in the state of Nebraska had been terminated, and on the further ground that such oral order is still in effect and the proceedings in Nebraska have not been terminated, is denied. The Board of Law Examiners (as well as the Practice of Law Committee, which is now vested with the duty of investigating and presenting charges of professional misconduct) is an agency of this court, and any administrative order or directive issued in a disciplinary proceeding to such committee involves and determines only matters of administrative policy and does not constitute an adjudi-

cation of any matter or complaint under investigation. This court at all times retains full right to control and to change its administrative policies with respect to disciplinary matters.

The motion to strike or to make more definite and certain is also directed to paragraph VII of the petition, wherein it is alleged that respondent has made threatening statements to different officials and lawyers in a studied effort to intimidate them and thus dissuade them from doing their duty in this proceeding. Taking into consideration the nature and the unlimited scope of this charge, as well as the absence of any allegation that the identity of these lawyers and officials is so peculiarly within the exclusive control of respondent as to be unavailable to petitioner, it is hereby ordered that such paragraph be stricken in its entirety, unless petitioner shall, within 20 days from the date of the filing of this decision, serve an amended petition identifying by name the officials and lawyers who have been so threatened and subjected to intimidation.

■ Respondent's motion to strike that portion of the bill of particulars (exhibit A) referring to "cases believed to have been handled or solicited by respondent and his agents which among others are being investigated or in which investigation is contemplated as to systematic solicitation" is granted. Obviously, an allegation as to certain specified cases which is qualified by a statement that such cases are yet to be investigated to determine if they were systematically solicited is too indefinite and uncertain. Allegations must be made in a direct and positive manner. 1 Pirsig's Dunnell, Minn. Pleading, § 60; 5 Dunnell, Dig. & Supp. § 7514. Petitioner may, however, as information is obtained with respect to these or any other cases under investigation, serve an amended petition to include such cases, with positive allegations as to systematic solicitation if such information so justifies. See, 2 Pirsig's Dunnell, Minn. Pleading, §§ 1683, 1685, 1686, and 1688.

Although the matter is not properly before the court, respondent by his brief directs attention to M. S. A. § 481.15, subd. 2, which provides that no "proceeding for the removal or suspension of an attorney at law shall be instituted unless commenced within the

period of two years from the date of the commission of the offense or misconduct complained of, or within one year after the discovery thereof." This statute has been declared unconstitutional. In re Disbarment of Tracy, 197 Minn. 35, 266 N. W. 88, 267 N. W. 142.

Respondent is granted an extension of 30 days from the date of the service upon him by petitioner of an amended petition and accusation herein in which to interpose his answer. If petitioner elects not to serve an amended petition and accusation, such 30-day extension shall run from the time of the expiration of the 20-day period granted to petitioner for the service of such amended petition and accusation.

Motions denied except as herein qualified.

THOMAS GALLAGHER, JUSTICE (dissenting in part).

In a matter which concerns the honor and professional standing of a member of the bar, I am of the opinion that charges of misconduct should be based on specific and definite allegations, as distinguished from hearsay or matters alleged upon information and belief. For that reason, I believe respondent's motion to strike the general and uncertain allegations of the petition, as well as those founded upon information and belief (hearsay), should be granted. The good name of any man is of too great value to permit its destruction by allegations which may not be subject to proof or which may be founded entirely on rumor or hearsay.

I am of the further opinion that, since proceedings are now pending in the Nebraska courts covering some of the charges set forth in the petition herein, the proceedings here with reference thereto should be held in abeyance until termination of the Nebraska proceedings.

Finally, in a matter of this importance to the bar and to respondent, and, as previously stated, involving the latter's honor, good name, and professional standing, I am of the opinion that this court would be justified in granting respondent's motion for oral argument on the matters set forth therein.

Since there is not now before us the question whether these charges against respondent, or any of them, are barred by the statute of

134

limitations, as the majority opinion states the fact to be, no opinion ought now to be expressed with respect to that question.

PETERSON, JUSTICE (dissenting in part).
I concur in the dissent.

[1]Reported in 28 N. W. (2d) 153.