**In the Matter of the Complaint of J.G., Complainant, against R.P., Respondent.**

**No. CX-85-1773.**

Supreme Court of Minnesota.

August 8, 1986.

Rehearing Denied Sept. 15, 1986.

William Wernz, Director of Lawyers Professional Responsibility, St. Paul, for appellant.

Jack Nordby, Minneapolis, for respondent.

PER CURIAM.

Pursuant to Rule 9($l$), Rules on Lawyers Professional Responsibility (RLPR), respondent R.P. has filed a notice of appeal challenging a panel of the Lawyers Professional Responsibility Board's (LPRB) affirmance of an admonition issued by the director in connection with an attorney fee dispute between respondent and complainant, J.G., a former client. We affirm as modified.

J.G. sought R.P.'s legal representation in connection with a marital dissolution proceeding, signing a retainer agreement by which she agreed to reimburse respondent for costs and disbursements paid or monies advanced by him on her behalf. On two separate occasions, R.P. was in Washington, D.C. on business unrelated to this client's interests and returned to Minneapolis specifically to attend to her affairs. This dispute arose when, in response to respondent's billing of these travel expenses, J.G. refused payment and filed a complaint with the LPRB. Complainant also objected to an item of correspondence in which respondent warned her that continued utterances regarding R.P.'s legal

representation might give rise to an action for libel or slander.

During the pendency of these disciplinary proceedings, complainant also submitted the reasonableness of the fees to the Legal Fee Arbitration Board of the local bar association. Acknowledging the existence but ignoring the implication of the professional proceeding, the arbitrators reduced R.P.'s fees only by that amount representing the claimed travel expenses, finding those expenses inappropriate. The record reflects that R.P. has abided in all respects by the arbitrator's award.

■ The director, upon recommendation of the district ethics committee investigator, issued an admonition pursuant to Rule 8(c)(2), RLPR. Respondent demanded a hearing pursuant to Rule 8(c)(2)(iii) and, upon conclusion of the proceedings, the panel rendered its split decision affirming the admonition. No specific findings accompanied the decision and it is unclear whether the majority of the panel was in complete agreement with the bases of the director's admonition.

Respondent challenges not only the procedural propriety but also the substantive support for the issuance of an admonition. We turn first to the claim that a split rather than a necessary unanimous decision of the panel is contrary to the spirit of Rule 9(i)(1), RLPR, and in violation of his constitutional rights. He draws an analogy between these rules and the civil rules, urging the court to impose a unanimity requirement.

We decline, however, to do so, relying upon prior decisions distinguishing professional disciplinary proceedings from traditional civil or criminal actions. *In re Rerat*, 224 Minn. 124, 127, 28 N.W.2d 168, 172 (1947). While notions of due process attend various stages of these proceedings, technicalities of pleading or procedure do not. *Id.* at 128–29, 28 N.W.2d 172–73. *See also In re Peters*, 332 N.W.2d 10 (Minn. 1983) and *In re Gillard*, 271 N.W.2d 785 (Minn.1978).

■ Respondent also challenges the substantive basis of the director's admonition. The director found that R.P. charged a clearly excessive fee, i.e., "after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." DR 2–106(B), Minnesota Code of Professional Responsibility (MCPR). We note that respondent has continually maintained that his travel expenses were necessarily incurred in the conscientious representation of his client and that J.G. and opposing counsel's failure to cooperate required his presence at scheduled procedural events.

While we are concerned by the fact that the unprofessional conduct which prompted the admonition is an isolated incident of a non-serious nature, particularly in light of respondent's long, unblemished legal career and the unique facts surrounding the difficult events of the marital dissolution action, we are guided by the policies underlying the decision in *Kentucky Bar Association v. Graves*, 556 S.W.2d 890 (Ky.1977). Although the conduct there was certainly more egregious, that court was appropriately concerned with the public perception of the attorney's actions. We share that concern and, upon that basis, affirm the admonition to the extent it was based upon the respondent's inclusion of an improper travel expense in his fee charges. We acknowledge with approval R.P.'s acquiescence in and full cooperation with regard to the legal fee arbitration award.

■ A second basis for the admonition was the director's finding that R.P.'s correspondence with complainant was an attempt to intimidate her and interfere with the disciplinary proceeding in violation of DR 1–102(A)(5) & (6), MCPR. Our review of the record requires the conclusion that, while respondent did warn complainant about the legal significance of continued public statements relating to his legal representation, no inference of either intimidation or interference can be drawn. As indicated, the affirmance of the admonition by the panel does not specify whether all

bases of the admonition were supported by the majority. Our review of the matter on the record pursuant to Rule 9(*l*), RLPR, requires a modification of the broad affirmance to reflect a reversal of that portion containing any reference by implication to this alleged violation.

The admonition is therefore affirmed as modified.

AMDAHL, C.J. and KELLEY, J., took no part in the consideration or decision of this case.