# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3030

_____

| | | |
|---|---|---|
| In Re Charges of Unprofessional Conduct Against 99-37, An Attorney at Law of the State of Minnesota, | * * * * | |
| Petitioner - Appellant, | * * | Appeal from the United States District Court for the |
| v. | * * | District of Minnesota. |
| Barbara G. Stuart, United States Trustee, | * * * | |
| Respondent - Appellee. | * | |

_____

Submitted: March 12, 2001
Filed: April 26, 2001

_____

Before LOKEN, MURPHY, and BYE, Circuit Judges.

_____

MURPHY, Circuit Judge.

United States Trustee Barbara G. Stuart sent documents from two bankruptcy cases filed by a Minnesota attorney to the state Office of Lawyers Professional Responsibility. That office subsequently filed charges of unprofessional conduct against the attorney who it designated by file number 99-37 (counsel for the attorney referred to him as "he" at oral argument so we do likewise). The attorney attempted to depose the Trustee and subpoenaed her to testify in the disciplinary proceedings

which had been initiated as a result of her communication. When she declined to appear, he brought a motion to compel and for civil contempt in Minnesota state court. The Trustee removed the matter to federal court under 28 U.S.C. § 1442(a)(1), and the district court[1] granted her motion to quash the subpoena and to dismiss the matter. The attorney appeals, and we affirm.

Attorney 99-37 filed an application in the United States Bankruptcy Court to represent debtors in two proceedings under Chapter 11 of the Bankruptcy Code. See 11 U.S.C. § 327(a). An evidentiary hearing was held, and his application was rejected. The bankruptcy court found that the attorney had intentionally mischaracterized a $17,500 prepetition payment from the debtors so that it would not appear to be a preferential transfer and that he had intentionally concealed a prepetition transfer of real estate from the debtors to himself. The court also concluded that transfer of real estate is not appropriate under the rules of compensation for professionals.

The United States Trustee forwarded the bankruptcy court's findings and related documents to the Minnesota Office of Lawyers Professional Responsibility with a letter indicating that she was "referring a matter of possible attorney misconduct."[2] Appendix at 14. She also said that she was "making this referral based on Judge O'Brien's findings that the transfer of real estate and the transfer of money were intentionally concealed from the Bankruptcy Court." Id. at 15. After an investigation, the Office of Lawyers Professional Responsibility brought charges against attorney 99-37.

The Office of Lawyers Professional Responsibility requested that the Department of Justice (DOJ) allow the testimony of Sarah J. Fagg, an attorney in the Trustee's

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

[2]The related documents included docket entries, transcripts, the judge's rulings and orders, filings by the parties, and real estate documents.

office, in preparation for a hearing on its charges against attorney 99-37. Fagg was the person in that office most knowledgeable about the facts underlying the referral because she had been the attorney assigned to the particular bankruptcy cases and she had brought the matter to the Trustee's attention. Congress has provided that the head of a federal executive department may regulate the use of department records, papers, and property. See 5 U.S.C. § 301. Under this statute the Department of Justice promulgated 28 C.F.R. § 16.21 et seq. (the Touhy regulations). These regulations require an employee to have department permission before testifying in a state proceeding. DOJ granted the request to depose Fagg. After her deposition, attorney 99-37 sought to depose the Trustee, but she declined. He then served the Trustee with a subpoena under Minnesota Rules on Lawyers Professional Responsibility 9(d), and DOJ instructed her not to comply because her testimony would be duplicative, burdensome, and disruptive of the operation of her office.

When the Trustee did not attend the scheduled deposition, the attorney moved in state court for an order holding her in civil contempt and to compel her to testify and pay his expenses and fees. The Trustee removed the contempt action to federal court under 28 U.S.C. § 1442(a)(1). She then moved to quash the subpoena and for dismissal. The attorney moved for a remand to state court or to compel the Trustee to testify. The district court granted the Trustee's motions and denied those of the attorney.

The attorney appeals, arguing that the district court did not have subject matter jurisdiction over the attorney disciplinary proceedings, that DOJ had waived sovereign immunity, and that the attorney has the right to obtain the Trustee's testimony under the Minnesota constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

The district court found that it had jurisdiction over the matter under 28 U.S.C. § 1442(a)(1), which provides:

A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States . . . : [] The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

This provision confers jurisdiction on federal courts when the officer who has removed the case has a colorable federal defense to the claims brought in state court. See Mesa v. California, 489 U.S. 121 (1989).

The attorney argues that state disciplinary proceedings are not removable under 28 U.S.C. § 1442(a)(1) because they are neither civil nor criminal. The civil matter that was removed was the action for civil contempt, however, not the disciplinary proceedings pending in Minnesota. The purpose of 28 U.S.C. § 1442(a)(1) is to protect federal officials from civil or criminal liability for the performance of their official duties. See Florida v. Cohen, 887 F.2d 1451, 1453 (11th Cir. 1989) (per curiam); Wisconsin v. Schaffer, 565 F.2d 961, 963-64 (7th Cir. 1977); North Carolina v. Carr, 386 F.2d 129, 131 (4th Cir. 1967) (per curiam). Removal of this matter was proper under the governing law.[3]

The attorney also challenges federal jurisdiction on the grounds that the Trustee does not have a colorable federal defense to the matter he brought in state court. There is no question that the Trustee was acting in her official capacity when she made her

_____

[3]The attorney states in his reply brief that he will withdraw his motion for civil contempt if that is the only basis for federal jurisdiction, leaving only his motion to compel the Trustee to testify. That would not deprive the federal court of jurisdiction, however, because "[t]he form of the action is not controlling; it is the state's power to subject federal officers to the state's process that § 1442(a)(1) curbs." Nationwide Investors v. Miller, 793 F.2d 1044, 1047 (9th Cir. 1986) (per curiam); see also Schaffer, 565 F.2d at 963-64; Carr, 386 F.2d at 131.

referral to the Office of Lawyers Professional Responsibility. The office of United States Trustee was established to "protect[] the public interest and ensur[e] that bankruptcy cases are conducted according to the law." H.R. REP. NO. 95-595, at 109 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6070. A United States Trustee "may be compared with . . . a prosecutor," id. at 6071, and "serve[s] as [a] bankruptcy watch-dog[] to prevent fraud, dishonesty, and overreaching in the bankruptcy arena." Id. at 6049. An action against a federal official is an action against the United States and is barred by sovereign immunity unless that immunity is waived. See Coleman v. Espy, 986 F.2d 1184, 1189 (8th Cir. 1993). Sovereign immunity protects a federal officer from being compelled to testify when instructed not to do so by her department. See, e.g., Smith v. Cromer, 159 F.3d 875, 878-81 (4th Cir. 1998); Edwards v. United States Dep't of Justice, 43 F.3d 312, 316-17 (7th Cir. 1994).

The only real immunity issue is whether DOJ waived its sovereign immunity from this state process. Such a waiver "cannot be implied but must be unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980) (quotation marks and citation omitted). Waivers of sovereign immunity should be strictly construed. See Coleman, 986 F.2d at 1189. The attorney claims that the Trustee made herself a party to the state proceedings by her communication to the Minnesota Office of Lawyers Professional Responsibility and that this waived the government's sovereign immunity. The Trustee's referral was in the course of carrying out her official duties. See H.R. REP. NO. 95-595, at 109. Her referral consisted of materials from the bankruptcy court file, and it was not based on personal observations. She did not make herself a party to the proceedings by forwarding the court documents, nor did her action waive the government's sovereign immunity. The attorney also claims that DOJ waived its immunity by allowing Fagg to testify, citing United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951) (federal employee may not be held in contempt in state court for complying with a superior's order not to answer a subpoena). Waiver was not an issue in Touhy, and the Court did not elaborate on the principle. See id. at 468. Other courts have ruled that an agency's partial participation in discovery is not a waiver of

sovereign immunity. See Smith, 159 F.3d at 880 (prosecutor's letter to parole board and testimony at bail hearing did not waive immunity from document production and testimony at trial); Swett v. Schenk, 792 F.2d 1447, 1452 (9th Cir.1986) (employee in authorized deposition may not be compelled to answer questions the agency has instructed him not to). There are no facts amounting to waiver of sovereign immunity in the matter before the court, and the district court did not err in quashing the subpoena on the Trustee or in dismissing the contempt action.

The attorney also claims he has a constitutional right to depose the Trustee. He claims that he has been deprived of his right to due process under the Fifth and Fourteenth Amendments of the United States Constitution and §§ 2, 6, and 7 of the Minnesota constitution. Attorney disciplinary procedures require notice and an opportunity to be heard, but they do not require all the constitutional protections provided in criminal prosecutions. See Sealed Appellant 1 v. Sealed Appellee 1, 211 F.3d 252, 254 (5th Cir. 2000); Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 1999); see also In re Disciplinary Action Against Schmidt, 586 N.W.2d 774, 775-76 (Minn. 1998) (per curiam); In re Rerat, 28 N.W.2d 168, 172-73 (Minn. 1947). The attorney has obtained discovery from the individual in the Trustee's office who was familiar with the bankruptcy proceedings and who brought them to the Trustee's attention. He has not shown that his constitutional rights to due process have been violated or that the district court erred in its order.

Accordingly, we affirm the order of the district court quashing the subpoena and dismissing the contempt action.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.