NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 25, 2007[*]
Decided May 15, 2007

By the Court:

No. 06-3628

| | |
|---|---|
| JOHN J. MILLER,<br>    *Plaintiff-Appellant*, | Appeal from the United States<br>District Court for the Eastern<br>District of Wisconsin. |
| *v.* | |
| | No. 05-C-0828 |
| DAVID W. ASBACH, *et al.*,<br>    *Defendants-Appellees*. | Lynn Adelman,<br>*Judge*. |

## O R D E R

John Miller appeals from a grant of summary judgment in favor of several federal officials he sued after his Chapter 13 bankruptcy case was dismissed. We affirm.

Miller filed a petition for voluntary bankruptcy in 2004. After he failed to attend a meeting with his creditors or make payments necessary to fund the plan of reorganization, Louis Jones, the Chapter 13 Standing Trustee assigned to the case, moved to dismiss the petition. In the motion, Jones noted that if no objection was made within 20 days, the court could dismiss the case without a hearing. Miller says that he did not receive the motion to dismiss because Jones sent it to the wrong address. Twenty days passed without Miller filing anything, and the

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

bankruptcy judge dismissed the case. Miller moved for reconsideration, asserting that he had not received notice of the motion to dismiss. The bankruptcy judge denied his motion without prejudice to his right to re-file for bankruptcy. David Asbach—the Assistant United States Trustee appointed to replace Jones, who had died—issued Miller a check for $950, the total amount he paid under the plan of reorganization. But Asbach mailed the check to the wrong address. When the check was returned, he deposited it as unclaimed funds with the bankruptcy court's clerk's office. The bankruptcy judge ordered that the $950 be turned over to the trustee in a separate bankruptcy proceeding involving Miller, and when that case was dismissed, the money was returned to Miller.[1]

Miller brought this suit in federal district court against Jones, Asbach, the bankruptcy judge, and several other federal officials. The district judge found Miller's complaint "very confusing," but liberally construed it to present tort and constitutional claims, and then entered summary judgment for the defendants on grounds that the tort claims were procedurally barred and the defendants were entitled to immunity on the constitutional claims.

Miller filed a notice of appeal, but then moved to dismiss the appeal as to all of the defendants except Jones and Asbach. We granted the motion, *see* Fed. R. App. P. 42(b), and clarified that Jones, who died before this lawsuit was filed, was not involved in the appeal.

Miller now challenges the district court's conclusion that Asbach is entitled to immunity from his constitutional claims. He argues that Asbach should have alerted the bankruptcy court to the problem of the mail delivery, and that if he had, "[t]hey could have saved my estate." Asbach's mishandling of the case, he urges, violated his constitutional due process rights.

The district court properly concluded that Asbach is immune from liability for Miller's due-process claim. A claim against Asbach in his official capacity as an Assistant United States Trustee is actually a claim against the United States over which we lack subject matter jurisdiction. *See Balser v. Dep't of Justice, Office of the U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003); *In re Charges of Unprofessional Conduct Against 99-37 v. Stuart*, 249 F.3d 821, 824-25 (8th Cir. 2001). And a claim against Asbach in his individual capacity is barred because his handling of the returned check was within the judicial function of his role as Assistant United States Trustee. *See Balser*, 327 F.3d at 909-10; *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1390-91 (9th Cir. 1987); *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980). Although Miller plainly blames Asbach (and Jones) for the

---

[1]*See* April 27, 2007 letter submitted as a supplemental filing on May 9, 2007, explaining the bankruptcy court's handling of the returned check.

events that led to the dismissal of his bankruptcy petition, the proper place for him to challenge their conduct was in the bankruptcy court, which considered his motion to reconsider the dismissal and gave him the opportunity to re-file his bankruptcy petition. The bankruptcy proceeding thus protected Miller's due process rights, just as the process is designed to do. *See Balser*, 327 F.3d at 910-11; *Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986).

After briefing in this case was complete, Miller filed a "Motion to Object" asking this court "to give me my money back for the mistakes of the Trustee's." For the same reasons set forth above, this motion is denied.

AFFIRMED.