NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 29, 2009[*]
Decided July 30, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-3605

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | 08-CR-84 |
| | |
| JOHN J. MILLER, | Philip G. Reinhard,* |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

John Miller pleaded guilty to one count of threatening to kill a judge in retaliation for performing his official duties, which carries a statutory maximum of 120 months' imprisonment, *see* 18 U.S.C. § 115(a)(1)(B), and one count of using an instrument of interstate commerce to threaten to destroy a building, *see id* § 844(e). The district court calculated a guideline imprisonment range of 27 to 33 months, but sentenced Miller to 40 months' imprisonment for each count, to run concurrently. Miller filed a notice of appeal,

---

[*]The Honorable Philip G. Reinhard, United States District Judge for the Northern District of Illinois, Western Division, sitting by designation

but his appointed lawyer seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Miller has filed a response opposing counsel's submission. *See* Cir. R. 51(b). We limit our review to the potential issues identified in counsel's brief and Miller's response. *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002)*.*

The disturbing series of events began with the dismissal of Miller's bankruptcy suit in the Eastern District of Wisconsin in 2007. *See Miller v. Asbach*, No. 06-3628, 234 Fed.Appx. 413 (7th Cir. 2007) (unpublished). Several months later he went to a Kinkos and faxed six times an identical letter expressing his desire to kill the bankruptcy judge presiding over the case and to blow up the courthouse in Milwaukee because "[y]ou guys have ruin [sic] my life . . . ." The intended recipients of the fax included the District of Columbia, a Chicago law firm, and the Wisconsin Governor's Office, though none of them reported noticing it. Miller did not fax the letter to the courthouse itself, but law enforcement officers informed the bankruptcy judge of the letter shortly before Miller was apprehended. An investigation uncovered no evidence that Miller intended to carry out the threats, but all judges from the federal courthouse in Milwaukee were recused from presiding over the criminal case, which was transferred to District Judge William Griesbach in Green Bay. After Miller was reported to have made post-arrest death threats against Judge Griesbach as well as certain employees in Milwaukee's federal courthouse, the case was transferred once again to District Judge Philip Reinhard in Rockford.

Counsel first addresses whether Miller could challenge the voluntariness of his guilty plea. Counsel asserts that Miller has expressed a desire to withdraw his guilty plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Counsel considers arguing that the district court committed plain error during the plea colloquy by failing to inform Miller that the court had the authority to order restitution and forfeiture, FED. R. CRIM. P. 11(b)(1)(J), (K); that a false answer could result in a perjury prosecution, FED. R. CRIM. P. (b)(1)(A); or that he had a right to compel witnesses to attend trial, FED. R. CRIM. P. (b)(1)(E).

Because Miller never challenged the sufficiency of the colloquy before the district court, our review would be limited to a search for plain error, *see United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008), a standard that counsel correctly determines Miller could not satisfy. To ensure the voluntariness of a guilty plea, the district court must conduct a colloquy that substantially complies with the requirements of Federal Rule of Criminal Procedure 11, but the court does not commit plain error by omitting either irrelevant information or information the defendant learns from another source, such as a plea agreement. *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003); *United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001). Even assuming that

the court here omitted the information counsel identifies, those omissions would not constitute plain error because the court never ordered restitution or forfeiture, and the plea agreement informed Miller that he had a right to compel witnesses and that false answers during the plea hearing could result in a perjury prosecution.

The remaining potential arguments raised by counsel concern the legality of the sentence. For instance, counsel considers challenging a two-level upward adjustment Miller received for offenses that involved more than two threats. U.S.S.G. § 2A6.1(b)(2). The district court applied the guideline because it believed that each of Miller's fax transmissions constituted a separate threat regardless whether anyone noticed them. Counsel asks if the court correctly applied the guidelines considering that there is no evidence that any of the intended recipients were actually aware of the threatening fax.

Although we have not specifically addressed whether § 2A6.1(b)(2) applies if a victim is unaware of the threatening communication, the Fourth Circuit has held that proof of intent to communicate a threat is not a prerequisite to the application of the guideline, *United States v. Spring*, 305 F.3d 276, 281 (4th Cir. 2002). Regardless, in this case, even though the intended *recipients* may not have known of Miller's threatening faxes, one of his intended *victims*, the bankruptcy judge, was made aware of it before Miller was apprehended. And since each dissemination of an identical threatening communication constitutes a different threat under § 2A6.1(b)(2), *United States v. Frazer*, 391 F.3d 866, 870-72 (7th Cir. 2004), we agree with counsel that it would be frivolous to argue that Miller had not sent at least two threats.

Counsel also addresses whether the district court erred when it refused to group Miller's two counts under U.S.S.G. § 2A6.1(b)(2) cmt. n.2. Section 2A6.1(b)(2) prohibits the sentencing court from grouping counts if the defendant threatens more than one victim, and the court here concluded that there were three victims of Miller's threatening letter—the bankruptcy judge, the United States, and the people in the courthouse. Counsel considers arguing that the bankruptcy judge was the only victim of Miller's letter; society, so the argument goes, was the "only identifiable victim from the threat to destroy a federal courthouse." Miller's counts should not be grouped under U.S.S.G. § 2A6.1(b)(2) if his letter intended to target more than one victim, even if the letter did not identify the additional victims by name. *See United States v. Parker*, 551 F.3d 1167, 1173-74 & n.4 (10th Cir. 2008); *United States v. Adelman,* 168 F.3d 84, 87 (2d Cir. 1999). This potential argument is indeed frivolous because, as counsel points out, Miller's letter expressed a desire to blow up the courthouse in order to get revenge on "you guys," and not just the bankruptcy judge. Thus Miller threatened more than one person, even if the bankruptcy judge was the only one he identified by name.

Counsel also considers whether that the district court should not have considered at sentencing the affidavits of the jailhouse informants who reported that Miller made additional post-arrest threats. These affidavits played a key role in the district court's analysis of the 18 U.S.C. § 3553(a) factors and its ultimate decision to impose a sentence above the recommended imprisonment range. Counsel considers arguing that the affidavits were unreliable because of the questionable credibility of their source. We generally defer to a sentencing court's credibility determination, even when it credits information from admitted liars, convicted felons, or government informants. *United States v. Clark*, 538 F.3d 803, 813 (7th Cir. 2008). In this case it would be frivolous to challenge the district court's credibility finding because these jailhouse informants, whom the court deemed reliable, asserted that Miller made additional post-arrest threats, and Miller never rebutted their testimony.

Finally, counsel considers arguing that Miller's sentence, which was seven months above his guidelines range, was unreasonably high. We will uphold as reasonable a sentence that exceeds the range recommended by the guidelines as long as the district court applies the § 3553(a) factors and articulates a compelling justification for the sentence. *United States v. Bartlett*, 567 F.3d 901, 909 (7th Cir. 2009); *United States v. Abbas*, 560 F.3d 660, 668 (7th Cir. 2008). Counsel correctly concludes that this argument would be frivolous because the district court thoroughly analyzed the § 3553(a) factors and determined that Miller's 40-month sentence was necessary in light of his post-arrest threats against federal officials, the disruption they caused to the judicial process, and his festering anger over the bankruptcy case.

In his 51(b) response Miller proposes to argue that counsel was ineffective for not challenging his indictment because there was no evidence that he intended to carry out his threats; he mentions, for example, that he never possessed any explosives or firearms. This potential argument would be frivolous for numerous reasons. First challenges to counsel's effectiveness should almost always be brought on collateral review and not direct appeal. *United States v. Jackson*, 546 F.3d 801, 814 (7th Cir. 2008). Furthermore Miller's unconditional guilty plea waived on appeal any challenges to the indictment. *See United States v. Kingcade*, 562 F.3d 794, 797 (7th Cir. 2009); *United States v. Campbell*, 324 F.3d 497, 499 (7th Cir. 2003). Finally both 18 U.S.C. § 115(a)(1)(B) and 18 U.S.C. § 844(e) prohibit *making* a threat; it is irrelevant whether the defendant intended to carry out the threat or even had the ability to do so. *United States v. Saunders*, 166 F.3d 907, 911, 914 (7th Cir. 1999); *United States v. Viefhaus*, 168 F.3d 392, 395, 396-97 (10th Cir. 1999).

Counsel's motion to withdraw is **GRANTED** and the appeal is **DISMISSED**.