NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2013
Decided December 2, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-1874

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| *v.* | |
| | No. 11-CR-34-WMC |
| JOHN J. MILLER, | |
| *Defendant-Appellant.* | William M. Conley, *Chief Judge.* |

**O R D E R**

The district court revoked John Miller's supervised release after he violated two release terms by refusing to take his prescribed psychotropic medication and driving without permission. The court imposed a 10-month reimprisonment term and 12 months' of supervised release. Miller filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Miller opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues discussed in counsel's facially adequate brief and Miller's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Miller has been convicted twice under 18 U.S.C. § 115(a)(1)(B) for threatening federal judges. Miller was convicted first in 2008 when he pleaded guilty to threatening to murder a federal bankruptcy judge and blow up a federal courthouse. *See United States v. Miller*, 340 F.App'x 335 (7th Cir. 2009). While serving his supervised release term for that conviction in 2011, Miller threatened to kidnap and kill the federal judge who had presided over his criminal case. Miller was again convicted under 18 U.S.C. § 115(a)(1)(B) and sentenced to 12 months plus one day in prison and three years' supervised release.

After completing his prison term for the second conviction, Miller began serving his supervised release. He violated two conditions of his release when he (1) failed to take his prescribed medication and (2) drove without his probation officer's permission. Miller's probation officer noted that after he stopped taking his psychotropic medication, he became obsessively fixated on his prior bankruptcy case and was unable to control his anger.

In his motion to withdraw, counsel first explores whether Miller could challenge the revocation of his supervised release on grounds that the government had not proven the violations by a preponderance of the evidence. But Miller admitted at his detention and revocation hearings that he violated the conditions, Detention Hr'g Tr. 18–19, Mar. 15, 2013; Revocation Hr'g Tr. 17, Apr. 16, 2013,— a point he denies in his Rule 51(b) response (though he acknowledges not having reviewed the transcript) — and so the district court correctly found that the government had established the violations by a preponderance of the evidence. *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007). Any challenge to the revocation of his release on this ground would be frivolous.

Counsel next assesses whether Miller could challenge his reimprisonment term as plainly unreasonable, *see United States v. Jackson*, 549 F.3d 1115, 1118 (7th Cir. 2008), but properly concludes that any such challenge would be frivolous. The 10-month reimprisonment term is shorter than the two-year authorized maximum when supervised release is revoked on a Class C felony. *See* 18 U.S.C. § 3583(e)(3) (authorizing two years reimprisonment following revocation on a Class C felony.) And the 12-month supervised release term is significantly less than the 26 months that could have been imposed (the 36-month statutory maximum under 18 U.S.C. § 3583(b)(2) less the 10 months' reimprisonment imposed upon revocation of supervised release). *See* 18 U.S.C. § 3583(h) (authorizing a supervised release term equal to the maximum authorized term of supervised release for the underlying offense, less any term of reimprisonment). The

district court correctly calculated a policy-statement range of 5 to 11 months' reimprisonment based on Miller's Grade C violations of his supervised release and category III criminal history. *See* U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a). Further the district court's comments reflect that it appropriately considered the sentencing factors in 18 U.S.C. § 3553(a), including the need to provide just punishment, afford adequate deterrence, and protect the public.

Miller's Rule 51(b) response is hard to decipher, but we glean three arguments regarding his 2011 conviction and sentence and counsel's performance at the revocation hearing. First, he asserts that he was wrongly convicted of murdering a federal official. But Miller misunderstands his conviction: he was convicted of *threatening* to kidnap and murder a federal official, not murdering a federal official. Next he argues that his 2011 sentence was not authorized under 18 U.S.C. § 115(a)(1)(B) because the subsection does not set forth a sentence. Although Miller correctly points out that § 115(a)(1)(B) does not include a sentence, it mandates that a person guilty of an offense related to threatening a federal official "shall be punished as provided in subsection (b)," which specifies a prison term of not more than 10 years for a violation of 18 U.S.C. § 115(a)(1)(B). *See* 18 U.S.C. § 115(b)(4). Miller's initial sentence of 12 months plus one day imprisonment is well below that statutory maximum. Finally, Miller argues that his attorney's performance at the revocation hearing constituted ineffective assistance. A right to counsel, however, attaches in revocation proceedings only if the defendant contests the alleged violations (which Miller did not) or presents substantial and complex grounds in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Because those circumstances were not present in Miller's case, there was no constitutional right to counsel, thereby precluding any claim of ineffective assistance.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.