**SEALED APPELLANT 1,**
**Plaintiff–Appellant,**

v.

**SEALED APPELLEE 1,**
**Defendant–Appellee.**

No. 99–30193.

United States Court of Appeals, Fifth Circuit.

April 27, 2000.

---

Jack C. Benjamin (argued), Gainsburgh, Benjamin, David, Meunier & Warshauer, David S. Scalia, Bruno & Bruno, New Orleans, LA, for Plaintiff–Appellant.

Paul S. Weidenfeld (argued), New Orleans, LA, for Defendant–Appellee.

Before KING, Chief Judge, and GARWOOD and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Sealed Appellant 1 ("Appellant"), an attorney admitted to the bar of the United States District Court for the Eastern District of Louisiana, appeals from a disciplinary order entered against him by that court pursuant to Local Civil Rule 83.2.10E of the Rules of Disciplinary Enforcement of the United States District Court for the Eastern District of Louisiana.

I.

In May 1988, an explosion at a petroleum manufacturing complex in Norco, Louisiana resulted in numerous legal claims by victims and their families which were con-

solidated into a class action lawsuit. Appellant was appointed by the district court to be a member of the Plaintiff's Legal Committee.

In late 1990, Appellant was introduced by a fellow attorney to a long time employee of the petroleum manufacturer ("the insider") who shortly thereafter began secretly assisting Appellant for money. Their financial arrangement and secret efforts were subsequently discovered in September 1992.

After the underlying litigation concluded, the *en banc* district court appointed the United States Attorney to investigate and report on the conduct of Appellant and the attorney who had arranged the initial meeting between Appellant and the insider. The United States Attorney was ordered to investigate possible violations of Louisiana Professional Conduct Rules 3.3, 3.4, 4.2, 5.1, and 8.4.

The resulting investigative report was furnished to the two targeted attorneys and a district court judge ordered the two to show cause why they should not be suspended from the practice of law before the district court for a period of one year. Both attorneys filed written responses, and on July 30, 1998, a show cause hearing was conducted over a two-day period. Appellant represented himself. Despite the opportunity to do so, he did not take the witness stand, call any witnesses, or adduce any evidence of his own.

The district judge who presided over the show cause hearing issued a report and recommendation, including findings of fact and conclusions of law, to the *en banc* district court, recommending a six-month suspension for Appellant. On February 8, 1999, the district court suspended Appellant from the practice of law in the federal courts of the Eastern District of Louisiana for a period of twelve months based on his violation of La. Prof. Conduct Rules 3.3,

3.4(b), and 8.4(c) and (d).[1] Appellant timely appeals.

## II.

On appeal, Appellant asserts (1) that he was entitled to all of the due process in his disciplinary hearing as an accused in a criminal case would be and that his hearing impermissibly shifted the burden of proof onto him, and (2) that the findings and conclusions regarding his alleged violations were not supported by clear and convincing evidence.

■ We review a district court's imposition of particular discipline for an abuse of discretion, but consider whether an attorney's conduct is subject to sanction *de novo*. *See In re Sealed Appellant*, 194 F.3d 666, 670 (5th Cir.1999). Bearing these principles in mind, we turn to address Appellant's asserted issues.

■ With respect to Appellant's due process challenge, we first address whether due process requires that an attorney facing disciplinary proceedings receive all of the guarantees afforded the accused in a criminal case. It is well settled in this Circuit that while in disbarment proceedings, due process requires notice and an opportunity to be heard, only rarely will more be required. *See Crowe v. Smith*, 151 F.3d 217, 229 (5th Cir.1998), *cert. denied sub nom.*, *In re Wright*, 526 U.S. 1158, 119 S.Ct. 2047, 144 L.Ed.2d 214 (1999). In our unpublished jurisprudence we have consistently held that "the due process rights of an attorney in a disciplinary proceeding do not extend so far as to guarantee the full panoply of rights afforded to an accused in a criminal case." *In re Sealed Appellant*, 132 F.3d 1455, No. 96–31147 (5th Cir. Nov. 25, 1997)(per curiam)(unpublished)(citing *Razatos v. Colorado Supreme Court*, 746 F.2d 1429, 1435 (10th Cir.1994)). That attorney discipline proceedings require proof only by clear and convincing evidence,[2] as opposed to

---

1. The other attorney was publicly censured for his involvement.

2. *See In re Thalheim*, 853 F.2d 383, 388 n. 9 (5th Cir.1988).

"beyond a reasonable doubt," is indicative of the mere quasi-criminal nature of such proceedings, which nature would not implicate all of the due process requirements attendant purely criminal proceedings.

■ With respect to Appellant's claim that the show cause hearing impermissibly shifted the burden of proof, we have repeatedly held that show cause orders do not in fact shift the burden to the attorney, rather, such proceedings merely provide the attorney with his constitutionally guaranteed opportunity to confront the government's evidence and rebut the same. *See In re Sealed Appellant,* 132 F.3d 1455, No. 96–31147 (5th Cir. Nov. 25, 1997) (per curiam) (unpublished). That Appellant failed completely to seize upon the opportunity afforded him to rebut the government's proof is of no consequence in determining whether he had the proper opportunity to do so or whether the government at all times retained the burden of proof.

We are convinced that had the United States Attorney's evidence been insufficient to establish violations, Appellant's silence would not affect the district court's duty to find no violation. Indeed, that Appellant was not found to be in violation of Louisiana Professional Conduct Rules 4.2 and 5.1 demonstrates that the burden of proof remained at all times with the United States Attorney, and that Appellant's failure to rebut the government's offer of proof on these charges did not inure to his detriment.

In sum, we are unconvinced that Appellant was denied due process in these disciplinary proceedings, as he received all of the process that was due him under the United States Constitution and this Circuit's precedent, and as the government retained, maintained, and sustained its ultimate burden of proof in the proceedings.

■ Appellant next claims that the evidence presented by the United States Attorney at the disciplinary hearing and in the investigative report was insufficient to support the district court's findings that Appellant violated Louisiana Professional Conduct Rules 3.4(b)[3] by impermissibly offering a witness an inducement, 8.4(c) and (d)[4] by engaging in professional misconduct (i.e., paying a witness), and 3.3[5] by not acting with candor toward the court during the underlying class action lawsuit.

The facts of this case are largely undisputed, and from the undisputed facts we note that Appellant admitted to initially paying the insider witness up front and to later arranging to have the witness keep track of his time in order to seek compensation for his efforts as consulting expenses. Appellant stated that he was present when another attorney represented to the district court that the insider was not being paid by the Plaintiff's Legal Committee and that he did nothing to correct the misrepresentation. In later conversations with the district court, Appellant also acknowledged calling the payment a "loan, but it is not a loan." The

---

**3.** Rule 3.4 provides:
   A lawyer shall not:
   . . .
   (b) Falsify evidence, counsel or assist a witness falsely, or offer an inducement to a witness that is prohibited by law.
   LA. RULE PROF. CONDUCT 3.4.

**4.** Rule 8.4 provides:
   It is professional misconduct for a lawyer to:
   . . .
   (c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
   (d) Engage in conduct that is prejudicial to the administration of justice.

LA. RULE PROF. CONDUCT 8.4.

**5.** Rule 3.3 provides:
   (a) A lawyer shall not knowingly:
   (1) make a false statement of material fact or law to a tribunal;
   . . .
   (d) In an *ex parte* proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.
   LA. RULE PROF. CONDUCT 3.3.

evidence also reveals that Appellant did not himself consider the up front payment to the insider to be "a loan."

Without elaboration, our exhaustive review of the record of this case convinces us that the evidence was indeed sufficient to satisfy the "clear and convincing" standard required to adequately support the district court's finding that Appellant violated three of the Louisiana Professional Conduct Rules.

### III.

For all of the foregoing reasons, the order of the United States District Court for the Eastern District of Louisiana, suspending Appellant from the practice of law therein, is AFFIRMED in all respects.