United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2006**

Charles R. Fulbruge III
Clerk

I n the
# United States Court of Appeals
## for the Fifth Circuit

---

m 05-30621
Summary Calendar

---

IN THE MATTER OF:
JERRY JACKSON STAMPS AND THERESA LYNN WITT-STAMPS,

Appellants,

---

Appeal from the United States District Court
for the Eastern District of Louisiana
m 2:04-MC-1831

---

Before SMITH, GARZA and PRADO,
    Circuit Judges.

PER CURIAM:[*]

Jerry Stamps and Theresa Witt-Stamps, a married couple, challenge the district court's order disbarring them from the practice of law in the Eastern District of Louisiana. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

The order arises from the Stampses' disbarment by the Louisiana Supreme Court. The principal basis for the state disbarment decision is that court's finding that the Stampses purposefully excluded, from their Louisiana bar applications, information regarding past legal employment. The court also found that the legal employment the Stampses sought to conceal constituted the unauthorized practice of law and that disbarment was the only appropriate sanction.

After being notified of the state disbarment order, the federal district court directed the Stampses to show cause why an identical sanc-

tion should not be imposed on them in the Eastern District of Louisiana. After holding an oral hearing and considering the Stampses' objections to the state disbarment proceeding, the district court ordered them disbarred.

## II.

The Stampses correctly point out that discipline imposed by federal courts does not automatically flow from discipline in state courts. *Theard v. United States*, 354 U.S. 278, 282 (1957). A federal court, however, should recognize, and give effect to, the "condition created by the judgment of the state court unless, from an intrinsic consideration of the state record," it appears that

(1) the state proceeding was wanting in due process;

(2) the proof of facts relied on by the state court to establish want of fair character was so infirm as to give rise to a clear conviction on the federal court's part that it could not, consistent with its duty, accept the state court's conclusion as final; or

(3) that to do so would, for some other grave and sufficient reason, conflict with the court's duty not to disbar except upon the conviction that, under the principles or right and justice, it is constrained to do so.

*Selling v. Radford*, 243 U.S. 46, 51 (1917). The *Selling* factors continue to be the standard by which federal courts determine whether they will impose reciprocal discipline based on a state court proceeding and have been ex-

pressly employed by this circuit.[1]

## III.

The Stampses' main objection to the district court's order is that, they claim, the state court proceedings on which it was based denied them due process. They argue that the evidentiary standards used by the Louisiana Supreme Court were unconstitutionally lax, and they urge this court to require that state disbarment proceedings employ evidentiary standards akin to criminal prosecutions if they are to be afforded deference by the federal courts. The Stampses also argue, without any elaboration, that the state decision was based on insufficient proof of misconduct.

## A.

On the due process claim, the Stampses contend that the Louisiana Supreme Court should have strictly employed the state's rules of evidence throughout the disbarment proceedings. They object to the introduction of a variety of hearsay evidence that would probably not have been admitted in a criminal trial; they contend that their rights under the United States Constitution to confrontation and cross-examination were repeatedly violated by the Louisiana Supreme Court's procedures. They also attack the disbarment procedures used in their case as inconsistent with that court's rules.

This latter contention is irrelevant. Whether the procedures were adequate under Louisiana law is not a proper question for this court. The Stampses concede as much in their brief when they note that we have no authority, at

---

[1] *In re Wilkes*, 494 F.2d 472, 476-77 (5th Cir. 1974); *In re Dawson*, 609 F.2d 1139, 1142 (5th Cir.1980); *see In re Watson*, 2000 WL 34507666, at *2 (5th Cir. 2000) (unpublished).

2

this stage, to review directly the propriety of a state court disbarment order. *See Selling*, 243 U.S. at 50. The question properly posed by this appeal is whether we should decline to give reciprocal force to the state court's disbarment order because it allegedly is based on procedures that fall short of the due process guarantees of the United States Constitution.

Attorneys facing disciplinary proceedings are not entitled to receive all the guarantees afforded the accused in a criminal case. *Sealed Appellant 1 v. Sealed Appellee 1*, 211 F.3d 252, 254 (5th Cir. 2000). Although due process does include notice and an opportunity to be heard in these cases, only rarely will more be required. *Crowe v. Smith*, 151 F.3d 217, 229 (5th Cir.1998). "That attorney discipline proceedings require proof only by clear and convincing evidence, as opposed to 'beyond a reasonable doubt,' is indicative of the mere quasi-criminal nature of such proceedings, which nature would not implicate all of the due process requirements attendant purely criminal proceedings." *Sealed Appellant 1*, 211 F.2d at 254.

In its opinion disbarring the Stampses, the Louisiana Supreme Court correctly noted the principal justification for allowing relaxed evidentiary rules in disbarment proceedings: "Unlike a lay jury, this court, in its role as trier of fact in disciplinary cases, has the ability to consider the entire record and evaluate and weigh the probative value of evidence based on the totality of the circumstances." *In re Stamps*, 874 So. 2d 113, 123 (La. 2004).

By adopting the rule urged by the Stampses, requiring strict application of the rules of evidence, we essentially would be telling the members of the Louisiana Supreme Court that they are not able objectively to weigh the evidence before them and should be shielded from certain evidence because of its potential to influence their decision improperly. We decline to do so; that court is eminently qualified to consider any and all evidence before it in a disbarment proceeding and to ascribe the appropriate weight to that evidence. There is no reason, in the record before us, to doubt that the court did exactly that in the Stampses' proceeding.

Regarding their rights to cross-examination and confrontation of witnesses, the Stampses ask this court to announce a new rule of law granting such rights to attorneys facing disciplinary action. As stated above, we have never required more than notice and an opportunity to be heard in these cases. It is undisputed that the Stampses received notice and a hearing at the state court and federal district court levels.

There is no justification to depart from our precedent. The Stampses were afforded all the process that is due to attorneys facing disbarment.

### B.

The Stampses contend, without serious explanation or elaboration, that their disbarment was based on insufficient proof of misconduct. Our standard of review on this claim is heightened by Supreme Court law. Under *Selling*, such a challenge will succeed only if the evidence relied on by the state court was "so infirm as to give rise to a clear conviction on the federal court's part that it could not . . . accept the state court's decision . . . ." *Selling*, 243 U.S. at 51.

The summary of the evidence against the Stampses provided in the Louisiana Supreme Court's opinion accurately reflects the contents of the state court record. Our review of that record does not reveal evidence so scant

as to give rise to a clear conviction that the state court decision was faulty. The evidence accumulated against the Stampses is sufficient under *Selling* to allow us to accept the state court's finding that the Stampses lied on their bar exam applications to hide the fact that they had engaged in the unauthorized practice of law.

### C.

The third *Selling* factor requires this court not to defer to the state disbarment order if "to do so would, for some other grave and sufficient reason, conflict with the court's duty not to disbar except upon the conviction that, under the principles or right and justice, it is constrained to do so." *Id*. Other than the alleged due process violations and insufficient evidence claim, the Stampses provide no rationale why we should doubt the state court's reasoning. Finding no "grave and sufficient" reasons ourselves, we are constrained by law to defer to the decision of the Louisiana Supreme Court.

AFFIRMED.