# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-00002

IN RE: HERSY JONES, JR.

Petitioner

Before KING, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This is a reciprocal discipline proceeding. On March 28, 2007, the Supreme Court of Louisiana issued an order disbarring Hersy Jones, Jr. In re Jones, 952 So. 2d 673 (La. 2007). The court determined that Mr. Jones failed to communicate with clients, failed to deposit advance fees into his trust account, failed to provide accountings, failed to refund unearned fees, failed to place disputed funds in his client trust account, failed to return a client's file when requested, converted client funds to his own use, and improperly solicited a representation.

Attorney discipline by a circuit court is governed by Federal Rules of Appellate Procedure Rule 46, which states that a member of the federal appellate court's bar is subject to suspension or disbarment by the court if the member has been suspended or disbarred from practice by any other court. The member must be given an opportunity to show cause why he should not be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disciplined, and must be given a hearing, if he requests one. FED. R. APP. P. 46(b)(2),(3).

As a result of the disbarment order, this court issued an order to Mr. Jones to show cause why he should not be removed from the roll of attorneys admitted to practice in this court. Mr. Jones responded asking the court not to impose reciprocal discipline and requesting a hearing. A hearing in the form of oral argument was held before a three-judge panel on January 29, 2008. Mr. Jones appeared pro se. The sole issue before this court is whether the disbarment by the Supreme Court of Louisiana supports the imposition of reciprocal discipline.

Discipline by federal courts does not automatically flow from discipline by other courts. Theard v. United States, 354 U.S. 278, 282 (1957). When considering reciprocal discipline based on a state court discipline order, the Supreme Court has held that a federal court should recognize, and give effect to, the "condition created by the judgment of the state court unless, from an intrinsic consideration of the state record," it appears: (1) that the state procedure, from lack of notice or opportunity to be heard, was wanting in due process; (2) that the proof of facts relied on by the state court to establish misconduct was so infirm as to give rise to a clear conviction that the Court could not, consistent with its duty, accept the state court's conclusion as final; or (3) that to do so would, for some other grave and sufficient reason, conflict with the Court's duty not to disbar except upon the conviction that, under the principles or right and justice, it is constrained to do so. Selling v. Radford, 243 U.S. 46, 51 (1917).[1]

The Selling analysis has been expressly adopted by the Fifth Circuit. In re Dawson, 609 F.2d 1139, 1142 (5th Cir. 1980); In re Wilkes, 494 F.2d 472, 476-

---

[1] This court obtained from the Supreme Court of Louisiana the record of the state court disciplinary proceeding.

77 (5th Cir. 1974). Mr. Jones has the burden of showing why this court should not impose reciprocal discipline. In re Calvo, 88 F.3d 962, 966 (11th Cir. 1996).

Mr. Jones alleges that he was denied due process in the Louisiana proceeding because he was not afforded oral argument before the Supreme Court of Louisiana prior to his disbarment, denied an unbiased hearing committee, not specifically warned that he might be subject to disbarment, and not clearly put on notice that his conduct could subject him to sanctions. He further asserts that there was insufficient evidence of misconduct.

The court has reviewed the record of the state court disciplinary proceeding, and has thoroughly considered the response to the show cause order. Mr. Jones devoted much of his argument at the hearing to his contention that he was denied due process with regard to a complaint arising out of a fee dispute. Despite the dispute, he cashed a settlement check that was made out to a client and to him, and did not deposit the proceeds into his client trust account or seek to resolve the dispute. Mr. Jones claims that he was not provided adequate notice of the charges against him. He asserts that disciplinary counsel abandoned the charges regarding his failure to deposit the funds into his client trust account, and the matter was tried as a case of failure to arbitrate a fee dispute. The Louisiana Supreme Court, he contends, could not then disbar him for failing to deposit the disputed funds into his trust account. Mr. Jones's contentions are not supported by the record. The formal charges specifically allege Mr. Jones's failure to deposit the check into his trust account, and the hearing committee found that he had an obligation to do so in the light of the fee dispute.

We find none of the types of infirmities outlined in Selling that would militate against the imposition of reciprocal discipline.

IT IS ORDERED that Hersy Jones, Jr. be removed from the roll of attorneys admitted to practice as a member of the bar of this court.