# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41194

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2015

Lyle W. Cayce
Clerk

In re: ROBERT LOUIS BOOKER,

Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:14-MC-8

Before DAVIS, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Booker appeals the district court's order suspending him from the roll of attorneys admitted to practice in the United States District Court for the Eastern District of Texas (the "Eastern District") for a period of three years. Booker argues the district court's decision is not supported by clear and convincing evidence and lacks a necessary finding that he acted in bad faith. He also claims he was deprived of due process because the district court did not afford him an adversarial proceeding and other due process before imposing discipline. We hold that Booker's due process objections lack merit, but order a limited REMAND to the district court for further findings as explained herein.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41194

Booker is an attorney licensed in Tennessee who was admitted to the Eastern District *pro hac vice*. Disciplinary proceedings were initiated against Booker after his conduct in a case before the Eastern District prompted the judge in that case to refer the matter to Chief Judge Davis, who polled the entire court. The judges of the Eastern District voted unanimously to hold disciplinary proceedings. Chief Judge Davis referred the matter to Magistrate Judge Mitchell for a Report and Recommendation and later adopted that Report and Recommendation, suspending Booker from practicing in the Eastern District for three years. Booker timely appealed to this court.

This court reviews de novo whether an attorney's actions are misconduct subject to sanction. *In re Sealed Appellant*, 194 F.3d 666, 670 (5th Cir. 1999). Because "[c]ourts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do," this court reviews a district court's imposition of a particular sanction for an abuse of discretion. *United States v. Nolen*, 472 F.3d 362, 371 (5th Cir. 2006); *see also In re Sealed Appellant*, 194 F.3d. at 670. "A district court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *In re Sealed Appellant*, 194 F.3d at 670.

In assessing the district court's decision, we must determine whether there exists "clear and convincing evidence sufficient to support the finding of one or more violations warranting" Booker's suspension. *Id.* In the context of attorney suspension and disbarment, "clear and convincing evidence" means

> that weight of proof which produces in the mind of the trier of fact
> a firm belief or conviction as to the truth of the allegations sought
> to be established, evidence so clear, direct and weighty and

2

convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.

*Crowe v. Smith* (*Crowe II*), 261 F.3d 558, 565 (5th Cir. 2001) (citations and internal quotation marks omitted). In this case, the magistrate judge and district court failed to cite this evidentiary standard and failed to specifically find that clear and convincing evidence supported the ethical violations the district court attributed to Booker.

This court also requires that "a specific finding that an attorney's conduct constituted bad faith must precede any sanction imposed under a district court's inherent powers." *In re Thalheim*, 853 F.2d 383, 389 (5th Cir. 1988). Although the district court adopted the thorough findings of the magistrate judge regarding the conduct on which sanctions were based, we cannot discern from the record whether the district court specifically found that Booker acted in bad faith under the clear and convincing evidence standard. *See In re Sealed Appellant*, 194 F.3d at 670. Accordingly, we must remand this case for further proceedings. *See Curtis v. Comm'r*, 623 F.2d 1047, 1051 (5th Cir. 1980) ("The findings and conclusions we review must be expressed with sufficient particularity to allow us to determine rather than speculate that the law has been correctly applied." (quoting *Hydrospace-Challenger, Inc. v. Tracor/MAS, Inc.*, 520 F.2d 1030, 1034 (5th Cir. 1975)).

However, certain of Booker's arguments can be addressed without further findings by the district court. Booker argues that he was provided insufficient procedural due process, asserting that a purported lack of fair notice, confrontation, and an adversarial process led to "factual inaccuracies and subjective conjecture regarding Attorney Booker's motives and intentions." Booker raised neither of these arguments before the district court, despite his opportunity to do so through his objections to the Report and Recommendation.

Generally, arguments raised for the first time on appeal are waived. *See Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 n.10 (5th Cir. 2009); *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n. 2 (5th Cir. 1996); *cf. Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008) (noting factual findings and legal conclusions within a report and recommendation are reviewed for plain error when a party does not object to that report and recommendation).

Even assuming Booker did not waive his objections, these arguments lack merit.  His actions in an independent civil rights case spawned his referral for discipline, which led to a unanimous vote to hold further disciplinary proceedings by the judges of the Eastern District.  Further proceedings were overseen by Chief Judge Davis, who was not involved in the civil rights case that led to Booker's referral for disciplinary proceedings.

Additionally, Booker received two layers of review before the district court, as his case was first referred to a magistrate judge for a report and recommendation.  Before issuing the Report and Recommendation, the magistrate judge issued a show cause order notifying Booker, in detail, of the allegations against him.  The order gave Booker an opportunity to show cause why he should not be suspended or disbarred for the conduct described, and to request a hearing.  Booker filed a response to the show cause order, disputing only some of the allegations against him.  When the magistrate judge set a hearing to resolve remaining questions concerning Booker's conduct, Booker responded with a "Notice of Waiver of Hearing," summarizing his arguments again and contending, "nor is there any further useful information to be gained."  The magistrate judge therefore cancelled the hearing and issued an order noting that she would prepare a report and recommendation based on the documents before the court.  When she did so, Booker objected to the Report and Recommendation.  The district court reviewed the record de novo, found

No. 14-41194

Booker's objections meritless, adopted the Report and Recommendation, and suspended Booker from practicing in the Eastern District for three years.

"[W]hile in disbarment proceedings, due process requires notice and an opportunity to be heard, only rarely will more be required." *Sealed Appellant 1 v. Sealed Appellee 1*, 211 F.3d 252, 254 (5th Cir. 2000) (citing *Crowe I*, 151 F.3d at 229). We conclude that Booker received adequate due process throughout these proceedings.[1] On remand, the district court need not address the due process points of error that Booker raised on this appeal.

Accordingly, we order a limited REMAND to the district court for the sole purpose of making findings under the clear and convincing evidence standard on whether Booker acted in bad faith. On remand, the district court should specify whether it finds that Booker has committed any ethics violation based on clear and convincing evidence and whether Booker acted in bad faith in committing any such violations. After the district court has made these determinations, the district court's amended opinion shall return to this panel for appropriate action.

REMANDED with INSTRUCTIONS.

---

[1] For the first time on appeal, Booker also makes vague objections about the lack of an adversarial process or appointed prosecutor for his proceedings before the district court. Whether we review these objections for plain error or de novo, Booker identifies no harm he suffered from this lack of adversarial process, and it is difficult to see how he could have been harmed. The magistrate judge set out the charges against him, Booker responded twice (once to the show cause order and again to the Report and Recommendation), and he waived a hearing, which would presumably present the greatest opportunity for an adversarial process to unfold. On these facts, and considering Booker's waiver of a hearing, we can discern no insufficiency or harm arising from the procedural due process Booker received. *Cf. Crowe I*, 151 F.3d at 233.