# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41194

In re: ROBERT LOUIS BOOKER,

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2015

Lyle W. Cayce
Clerk

Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:14-MC-8

Before DAVIS, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Robert Booker was suspended from the roll of attorneys admitted to practice in the United States District Court for the Eastern District of Texas (the "Eastern District") for three years. In June 2015, Booker appealed that suspension, claiming the district court's order imposing the suspension lacked the requisite findings. Booker also argued that the district court did not afford him sufficient due process. On August 3, 2015, we remanded this case to the district court for further factual findings. *See In re Booker*, 611 F. App'x 834, 835 (5th Cir. 2015). We concluded that Booker received adequate due process during his disciplinary proceedings and rejected Booker's due process arguments on the merits. *Id.* at 837. However, we could not determine from the record whether the district court found that Booker acted in bad faith by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clear and convincing evidence, as is required when a court sanctions an attorney under its inherent powers. *See In re Sealed Appellant*, 194 F.3d 666, 670–71 (5th Cir. 1999); *In re Thalheim*, 853 F.2d 383, 389 (5th Cir. 1988). We now consider the district court's findings and conclusions on remand.[1]

The district court assigned the case to a magistrate judge for a report and recommendation and adopted the report and recommendation over Booker's objections. The report and recommendation discussed the conduct on which Booker's sanction is founded and specifically found clear and convincing evidence that Booker acted in bad faith on at least two occasions.[2] The district court determined that these findings and conclusions are correct.

In a disciplinary proceeding such as this one, we review de novo whether an attorney's actions or misconduct are subject to sanction, and we review the district court's choice of sanctions for an abuse of discretion. *In re Sealed Appellant*, 194 F.3d. at 670. The magistrate judge's report and recommendation thoroughly discusses Booker's misconduct, and in our August 3, 2015, opinion, we discussed the extensive consideration this matter has received from multiple trial court judges in the Eastern District. *See In re Booker*, 611 F. App'x at 835–36. After our remand, the case was reassigned to yet another district judge as a result of the retirement of Judge Davis. Booker has thus received review of his conduct from the original magistrate judge and

---

[1] On November 25, 2015, we ordered Booker to file any supplemental briefing by December 15, 2015. Booker has not supplemented his brief.

[2] The magistrate judge found the circumstances of Booker's failure to disclose certain disciplinary proceedings when he applied for admission to the Eastern District of Texas "establish intentional deception by Mr. Booker in his communications with the Court that rises to the level of clear and convincing evidence that Mr. Booker acted in bad faith." The magistrate judge also found by clear and convincing evidence that Booker "acted in bad faith by seeking to withdraw from the representation of and collect an unreasonable and unconscionable fee from his clients."

No. 14-41194

district judge who reported his conduct, from all the district judges of the Eastern District who unanimously voted to refer the matter for disciplinary proceedings, from the magistrate judge who conducted the sanctions proceedings, and from two district judges who reviewed the magistrate judge's findings over the course of these proceedings. Now three circuit judges have reviewed this matter (twice), and we agree that clear and convincing evidence supports the conclusion that Booker engaged in misconduct and acted in bad faith. We find no abuse of discretion in his three-year suspension from practice before the Eastern District of Texas.

AFFIRMED.