# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 15, 2024
Lyle W. Cayce
Clerk

No. 24-98007

In re Henry Klein,

*Respondent.*

Before Graves, Duncan, and Wilson, *Circuit Judges.*

Per Curiam:[*]

On May 18, 2023, the Supreme Court of Louisiana suspended attorney Henry Klein from the practice of law for one year and one day for violating numerous Louisiana Rules of Professional Conduct while representing a client in pending litigation. The court found that Klein made unsubstantiated, disparaging remarks about the trial judge and opposing counsel; engaged in inappropriate, ex parte communications with the trial court's law clerk; continued to file duplicative pleadings although ordered by the trial court not to file further pleadings without leave of court; and removed the case to federal court solely for the purpose of delay. *In re Klein*, 2023-0066 (La. 5/18/23), 362 So. 3d 392.

Pursuant to Federal Rule of Appellate Procedure 46(b)(1)(A), this court issued an order directing Klein to show cause why this court should not impose discipline reciprocal to that imposed by the Supreme Court of Louisiana. Klein filed a response opposing reciprocal discipline, a brief, and a motion to supplement the record with documents from his then-pending

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

reciprocal discipline proceeding in the United States District Court for the Eastern District of Louisiana. On September 25, 2024, we conducted a hearing in the form of oral argument, at which Klein appeared pro se and was placed under oath at his request. After the oral argument, Klein filed a "suggestion of mootness," arguing that reciprocal discipline by this court is moot because his Louisiana suspension period has expired. As set forth below, we disagree and further determine that Klein has not met the burden necessary to overcome the imposition of reciprocal discipline. Klein's motion to supplement the record is GRANTED.

Federal Rule of Appellate Procedure 46(b) allows for "suspension or disbarment" by this court of a member who "has been suspended or disbarred from practice in any other court." However, the Supreme Court held in *Theard v. United States*, 354 U.S. 278, 282 (1957), "that disbarment by federal courts does not automatically flow from disbarment by state courts." Rather, the federal court should recognize, and give effect to, the "condition created by the judgment of the state court unless, from an intrinsic consideration of the state record," it appears that: (1) the state procedure, from lack of notice or opportunity to be heard, was wanting in due process; (2) the proof of facts relied on by the state court to establish misconduct was so infirm as to give rise to a clear conviction that the court could not, consistent with its duty, accept the state court's conclusion as final; or (3) to do so would, for some other grave and sufficient reason, conflict with the court's duty not to disbar except upon the conviction that, under the principles of right and justice, it is constrained to do so. *In re Jones*, 275 F. App'x 330, 331 (5th Cir. 2008) (quoting *Selling v. Radford*, 243 U.S. 46, 50-51 (1917)).

The attorney opposing reciprocal discipline has the burden of showing why this court should not impose reciprocal discipline. *Id.*; *In re Watson*, No. 00-46, 2000 WL 34507666, at *2 (5th Cir. Oct. 4, 2000).

We have reviewed the record of the Louisiana discipline proceedings and have considered Klein's numerous filings in this court. As a preliminary matter, we reject Klein's argument that reciprocal discipline by this court is moot. Although his Louisiana suspension period has expired, Klein is still suspended from the practice of law in Louisiana because he has neither sought nor been granted reinstatement from the Louisiana Supreme Court. Pursuant to the suspension order and Louisiana Supreme Court Rule XIX § 24, Klein may only be reinstated by order of the Louisiana Supreme Court after filing a formal application for reinstatement. Klein represented under oath during oral argument before this court that he has not filed an application for reinstatement, and his suggestion of mootness does not state that he has filed or intends to file such application.

As to Klein's other arguments, our review of the record does not reveal the types of infirmities outlined in *Selling* that would allow Klein to avoid reciprocal discipline.

First, Klein argues that the Louisiana disciplinary proceedings were wanting in due process. He alleges that a single Louisiana Office of Disciplinary Counsel ("ODC") employee acted as "complainant, investigator, scrivener, advocate and adjudicator," which amounted to an "illegitimate process led by an illegitimate decision-maker." At oral argument before this court, Klein also argued that he was not provided sufficient notice of the charges against him because "there was no discovery." We disagree.

"[W]e have never required more than notice and opportunity to be heard in these cases." *In re Stamps*, 173 F. App'x 316, 318 (5th Cir. 2006). The record demonstrates that Klein, on several occasions, was provided notice of the specific allegations against him and the rules he was alleged to have violated and was given the opportunity to be heard. The ODC

conducted an investigation, which resulted in formal charges against Klein. Klein answered those charges and denied misconduct. The matter then proceeded to a formal hearing before an Attorney Disciplinary Board hearing committee. Klein was given an opportunity to present evidence at the hearing, and he did in fact appear and present evidence on the second day of the hearing.

The hearing committee made factual findings and a recommendation to the Attorney Disciplinary Board. The Attorney Disciplinary Board accepted the hearing committee's factual findings and recommended to the Louisiana Supreme Court that Klein be suspended. Klein objected to the recommendation, and the matter proceeded to a hearing before the Louisiana Supreme Court. Klein submitted numerous filings in opposition to discipline in the Louisiana Supreme Court and presented oral argument. Klein was afforded sufficient due process.

Second, Klein challenges some, but not all, of the factual allegations forming the basis of his discipline.[1] This court's review of the factual findings by the court that originally imposed discipline is "quite deferential." *See In re O'Dwyer*, 771 F. App'x. 556, 557 (5th Cir. 2019). It is not within this court's purview to re-examine or reverse a state supreme court's disciplinary action against a member of its bar. *See Selling*, 243 U.S. at 50. Under this standard, Klein has not shown that the proof of facts relied on by the Louisiana Supreme Court was so infirm that we should disregard them. However, even if we ignored the factual allegations that Klein challenges, the remaining allegations that Klein does not dispute provide ample support for his suspension.

---

[1] For instance, Klein contends the allegation that he filed repetitive removals solely to avoid the state court judge's "ire" is false.

In Klein's original discipline proceeding, the Louisiana Supreme Court relied on public court documents that Klein filed in various courts. *In re Klein*, 362 So. 3d at 395. He does not dispute that he made these filings or the statements therein. At oral argument before this court, Klein admitted that in "a moment of frustration," he sent the inappropriate and ex parte communication to the trial court's law clerk that was referenced in the suspension order. He conceded, "I was wrong. I should not have done that." We find that the record contains more than sufficient evidence upon which the Louisiana Supreme Court could base its decision.

Finally, Klein has presented no grounds establishing that reciprocal discipline by this court will result in grave injustice.

IT IS ORDERED that Henry Klein is SUSPENDED from the practice of law in this court. The Clerk is DIRECTED to remove Klein's name from the roll of attorneys authorized to practice before this court. If Klein is reinstated as a member in good standing of the Louisiana Bar, he may apply to the Clerk of Court for authorization by the Chief Judge to resume practice as a member of the bar of this court.